IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:01-cr-60101-AA |
| Plaintiff | OPINION AND ORDER |
| v. | |
| PATRICK CHAMPLIN TANSY, | |
| Defendant. | |

AIKEN, Judge:

On April 16, 2002, defendant pled guilty to a charge of felon in possession of a firearm. Defendant failed to appear for his sentencing on July 23, 2002, and a warrant was issued for his arrest. Ultimately, defendant was extradited from Argentina in January of 2014, and on September 2, 2014, defendant was sentenced to a 37-month term of imprisonment. Defendant directly appealed his conviction and sentence to the Ninth Circuit; however, he voluntarily dismissed his appeal.

1     - OPINION AND ORDER

In the interim, defendant also filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. The court dismissed the motion after defendant appealed and reinstated it after defendant voluntarily dismissed the appeal. In his § 2255 motion, defendant maintains that his guilty plea was involuntary and that he received ineffective assistance of counsel. The motion is denied.

## DISCUSSION

Entry of a guilty plea must be voluntary, knowing and intelligent, "done with sufficient awareness of the relevant circumstances and likely consequences." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Here, the record belies defendant's argument that his plea was not knowing or voluntary.

In his plea petition and in open court, defendant represented that he pled guilty freely and voluntarily with the full understanding of the allegations. Gov't Ex. 2, Transcript of Proceedings (Tr.) 4-5, 15-17 (Apr. 16, 2002). Defendant also stated that he had a full and adequate opportunity to consult with his counsel, that his attorney explained the effect of the plea agreement and the relevant sentencing guidelines, and that he was satisfied with his legal representation. Tr. 4-6, 9-11. Defendant affirmed that he understood the rights he was relinquishing through his guilty plea. Tr. 7-9. Defendant further stated that he was not under the influence of any drug and had taken no medications prior to his plea hearing. Tr. 6-7. Defendant also stated that he understood and agreed to the factual basis of the plea, as recited at his plea proceeding, and that no promises had been given aside from the plea agreement. Tr. 15-16. In short, defendant stated that he freely and voluntarily pled guilty to the offense. Tr. 16-17. Based on this record, I find that defendant's guilty plea was knowing and voluntary.

In his plea agreement, defendant waived each ground of his motion by pleading guilty, aside from a claim of ineffective assistance of counsel. Gov't Ex. 1 at 11. Therefore, I address only the ineffective assistance of counsel claim.

To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the defendant must show that counsel's advice as to the consequences of the plea was outside the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Donagiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990).

Defendant claims that his counsel was ineffective for not seeking withdrawal of his guilty plea when the firearm at issue could not fire. Defendant also alleges that he told his first attorney the gun would not fire and that he paid his attorney $5,000 to hire a firearms expert. The attorney denies defendant's claims. Gov't Ex. 7 (Ingram Aff.) at 2. Regardless, it is irrelevant whether the firearm was capable of firing. The term "firearm," as defined in 18 U.S.C. § 921(a)(3), includes a weapon which "will or is designed to or may readily be converted to expel a projectile by the action of an explosive." The statute does not require the government to prove that the firearm was actually capable of firing; it need establish only that the gun was "designed" to fire. *Id.; United States v. Morris*, 904 F.2d 518, 519 (9th Cir. 1990) (statute imposes no requirement that the firearm be loaded or operable). Therefore, defendant fails to show deficient performance on the part of counsel or resulting prejudice with respect to his guilty plea.

Defendant also argues that he received ineffective assistance at sentencing. In fact, counsel's diligence resulted in a much lighter sentence than defendant could have received. Gov't Ex. 4. In 2002, defendant faced a guidelines sentencing range of 63-78 months due to his 1989 conviction for transportation or sale of cocaine. As applied in 2002, that conviction counted as a "controlled substance offense" and resulted in an increased base offense level. While defendant was a fugitive, the law changed in his favor and his prior conviction no longer counted as a "controlled substance offense." *See United States v. Lee*, 704 F.3d 785 (9th Cir. 2012). Therefore, instead of a base offense level of 22 with a guideline range of 63-78 months, defendant's base offense level was 14 with a guideline range of 33-41 months. Gov't Exs. 4, 5, 8. Following the joint recommendation of the parties, the court imposed a sentence of 37 months and granted the government's motion to dismiss the charge of Failing to Appear for Sentencing.

In light of the unique circumstances of this case, including defendant's flight to Argentina on the eve of sentencing, I agree with the government that defendant was very fortunate to receive a 37-month prison sentence.

## CONCLUSION

Accordingly, defendant's Motions under 28 U.S.C. § 2255 (doc. 49) and to Appoint Counsel (doc. 81) are DENIED. Defendant has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 25 day of April, 2016.

Ann Aiken
United States District Judge